UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL CLASS,

                Petitioner,

        - against -

WILLIAM LEE,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-4340 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Petitioner *pro se*, Angel Class, brings this action for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Pet. Writ Habeas Corpus (Doc. No. 4).) By letter filed June 3, 2014, petitioner seeks a stay in order to file a motion in New York state court pursuant to New York Criminal Procedure Law § 440.10 ("440") regarding allegedly unexhausted claims. (Decl. Supp. Mot. Stay (Doc. No. 19).) For the reasons that follow, petitioner's request for a stay is denied.

## BACKGROUND

      Petitioner was convicted in the Queens County Supreme Court of manslaughter in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree on June 11, 2009. (Pet. Writ Habeas Corpus at 2.) He was sentenced to consecutive terms of twenty-five years' imprisonment on his manslaughter conviction and seven years' imprisonment on his assault conviction, along with a concurrent one year term of imprisonment on his weapons possession conviction.[1] *See People v. Class*, 101 A.D.3d 1041 (2d Dept. 2012).

      Petitioner appealed his conviction to the Appellate Division, Second Department ("Appellate Division"), which affirmed his conviction on December 19, 2012, but reduced his

---

[1] In addition, petitioner's sentence included five years of post-release supervision on his manslaughter conviction and three years of post-release supervision on his assault conviction. *See People v. Class*, 101 A.D.3d 1041 (2d Dept. 2012).

sentence to fifteen years on his manslaughter conviction and seven years on his assault conviction, and merged the period of supervised release on the consecutive sentences. *Id.* at 1041–42. The court also found that, as conceded by the state, the admission of a statement made by a non-testifying codefendant violated petitioner's Sixth Amendment right to confrontation, but found the admission harmless in light of the "overwhelming" evidence of guilt. *Id.* at 1042. The New York Court of Appeals denied leave to appeal on May 30, 2013. *People v. Class*, 21 N.Y.3d 94 (2013). Petitioner filed the present petition for a writ of *habeas corpus* on August 14, 2014. (Pet. Writ Habeas Corpus.)[2]

Petitioner seeks *habeas* relief on two clearly identified grounds: (1) that the Appellate Division's holding that the Sixth Amendment violation was harmless beyond a reasonable doubt was an unreasonable application of law and fact; and (2) that the government failed to discharge its obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). (Pet. Writ Habeas Corpus at 3.)

Petitioner also lists, as a third ground, "the remaining claims raised in [his] supplemental brief." (Pet. Writ Habeas Corpus at 4.) Petitioner appears to be referring to a *pro se* brief that he filed in the Appellate Division, supplementing his assigned attorney's brief. (*See* Appellate R. (Doc. No. 10) at 70–93 (ECF pagination).) That brief raised several claims, among them that the prosecution withheld the source of information disclosed in a document, referred to as a "49," in violation of *Brady* and *People v. Rosario*, 9 N.Y.2d 286 (1961).[3] (*Id.* at 87.) The Appellate

---

[2] Petitioner initially filed on July 29, 2013, but failed to sign the petition and either enclose the necessary filing fee or include an application to proceed *in forma pauperis*. (*See* Original Pet. Writ Habeas Corpus (Doc. No. 1); Notice Deficient Filing (Doc. No. 2).) Petitioner subsequently corrected these omissions. (*See* Pet. Writ Habeas Corpus.)
[3] The other claims petitioner raised in his supplemental brief are (1) that he was denied his constitutional right to a fair trial by the court's failure to empanel a second jury to determine his guilt; (2) that he was denied his right to the effective assistance of counsel because his counsel's oral motion *in limine* for a separate jury did not articulate the ground that petitioner and his co-defendant had antagonistic defenses, and as a result his counsel did not pursue a defense arguing that a third party had committed the charged crime; (3) that his right to due process was violated

Division found that this, and the other claims raised in his supplemental brief, were without merit. *Class*, 101 A.D.3d at 1042. Petitioner's application seeking leave before the New York State Court of Appeals, through counsel, raised the additional claim that the Appellate Division erred in concluding that the trial court's Sixth Amendment violation was harmless error. (Appellate R. at 138 (ECF pagination).)

Presently before the Court is a motion by petitioner asking the Court to stay his petition in order to allow him to file a 440 motion in state court seeking to vacate his judgment of conviction on the grounds that the prosecutor, on or about April 2, 2014, "for the first time revealed the existence of a police report that was made part of a [] court record in the state court proceeding"[4] and has failed to disclose the source of a "second statement." (Decl. Supp. Mot. Stay at 4.)

## LEGAL STANDARD

Federal courts may not review the merits of a petition for a writ of *habeas corpus* unless the petitioner has first exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Copeland v. Walker*, 258 F. Supp. 2d 105, 141 (E.D.N.Y. 2003). A petitioner has exhausted a claim when he has presented the factual and legal premises underlying the claim to the state's highest court. *See Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). Further, "federal district courts may not adjudicate mixed petitions for *habeas corpus*, that is, petitions containing both exhausted and unexhausted claims." *Spells v. Lee*, No. 11-CV-1680 (KAM) (JMA), 2012 WL 3027865, at *5 (E.D.N.Y. July 23, 2012) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)). However, given certain conditions, the district court may stay such a petition during the

---

because the prosecution allegedly used coercive tactics to obtain a witness's testimony; and (4) that the prosecution committed additional *Rosario* and *Brady* violations. (*See* Appellate R. at 72 (ECF pagination).)

[4] Respondent, for his part, asserts that he does not know who made the statement in the police report. (Aff. Opp'n Stay (Doc. No. 21) at 5.)

pendency of state proceedings on the unexhausted claims. *Madrid v. Ercole*, No. 08-CV-4397 (ENV) (CLP), 2012 WL 6061004, at *1 (E.D.N.Y. Dec. 6, 2012) (citing *Rhines*, 544 U.S. at 273–77).

A district court considering such a stay must first determine that the petition is actually mixed. *See Hendrix v. West*, No. 04-CV-6086L, 2008 WL 413300, at *1 (W.D.N.Y. Feb. 13, 2008) (citing *Clancy v. Phillips*, No. 04-CV-4343 (KMK), 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005)) ("In order to grant a stay to permit a petitioner to exhaust state claims, the *habeas* court must be presented with a mixed petition containing both exhausted and unexhausted claims."). If the petition is, in fact, mixed, the petitioner seeking a stay must demonstrate that: (1) good cause exists for failing to exhaust the claims previously; (2) the claims are not plainly meritless; and (3) the petitioner did not intentionally engage in dilatory tactics. *See Chambers v. Conway*, No. 09-CV-2175 (JGK), 2010 WL 1257305, at *1 (S.D.N.Y. Mar. 29, 2010) (citing *Rhines*, 544 U.S. at 277–78).

Where a petition contains unexhausted claims, the district court must also consider waiver or procedural default. *Velazquez v. Poole*, 614 F. Supp. 2d 284, 310 (E.D.N.Y. 2007) (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). Absent a showing of cause and prejudice, a district court may not consider a claim where a state procedural rule would bar direct review of the claim. *Id.* Before a district court can grant a stay, therefore, it must consider "whether the petitioner has any remedies remaining in the state court to warrant a stay . . . of the petition . . . in order to allow exhaustion of the claims that petitioner has not adequately raised in prior proceedings." *Id.*

4

**DISCUSSION**

Here, petitioner does not present the Court with a mixed petition because the claims that he seeks to raise in his 440 motion have already been exhausted in state court, and thus are properly before this Court in his *habeas* petition. Alternatively, to the extent that petitioner is asserting new claims, they are based upon information appearing in the record as of the time of his direct appeal, and as such, state law does not provides a remedy. A stay is therefore unwarranted because it would not afford an additional opportunity to exhaust these claims.

**I.      The Police Report**

Petitioner claims that the factual predicate for his 440 claim arose on or about April 2, 2014, when the respondent "for the first time revealed the existence of a police report" in a filing before this Court. (*See* Decl. Supp. Mot. Stay at 2; Resp't Apr. 2, 2014 Letter Ex. (Doc. No. 15-1).) However, claims relating to this report were raised on direct appeal, are fully exhausted, and are pending before this Court on *habeas* review. Although the prosecution did not include the report as part of its pretrial disclosures and contended that it was not required to, the report appears to be a document that surfaced during trial where it was described as a "49."[5] (*See* State Ct. R. (Doc. No. 10-1–10-7) at 993.) Later in the trial, the court granted a motion by counsel for one of petitioner's co-defendants, which petitioner's counsel joined, to have the report admitted as a court exhibit for purposes of appellate review. (State Ct. R. at 1302–03, 1417–18.) Petitioner himself then made the report, and its source, central to his claim of *Brady* and *Rosario*

---

[5] A review of the record in this case makes clear that the "49" is indeed the police report at issue here. First, when respondent filed this report with the Court, he included a cover letter identifying the report as "a copy of the police report that was admitted as a court exhibit in this case." (Resp't Apr. 2, 2014 Letter (Doc. No. 15).) Handwritten notes on the report identify it as "Court Exhibit 1." (*See id.*) Second, petitioner's own application for a stay refers to the report as "a court record in the state court proceeding." (Decl. Supp. Mot. Stay at 2.) Finally, descriptions of the 49 throughout the trial court record describe the 49 in a manner consistent with the report.

violations in his supplemental brief on appeal to the Appellate Division. (Appellate R. at 87 (ECF pagination).)

In his letter seeking leave to appeal to the New York State Court of Appeals, petitioner explicitly sought to appeal "on every ground raised in his brief and *pro se* supplemental brief," which included claims related to the report. (*Id.* at 139.) In doing so, he satisfied the exhaustion requirement for these claims, and they are therefore properly before this Court on *habeas* review. *See Morgan v. Bennett*, 204 F.3d 360, 371 (2d Cir. 2000) (finding exhaustion requirement satisfied regarding claims in *pro se* petitioner's brief where letter seeking leave to appeal to New York State Court of Appeals stated that petitioner sought review of "all issues outlined in defendant-appellant's . . . *pro se* supplemental brief"). Thus, a stay is unwarranted, as the claim is exhausted and already before the Court.

## II.     The Source of the Second Statement

Petitioner's argument next pivots to the prosecution's "failure to disclose the source" of a second statement. (Decl. Supp. Mot. Stay at 2.) Although it is not immediately apparent to what statement petitioner refers, the motion for a stay includes excerpts from a colloquy between his co-defendant's counsel and the trial court. (*See* Decl. Supp. Mot. Stay at 3–5.) Upon review of the trial transcript, it is clear that the colloquy concerns handwritten notes that the prosecution disclosed, but could not identify their source. (State Ct. R. at 1397–1402; *see also* State Ct. R. at 13 (describing notes as handwritten).) The trial court marked these notes as "Court Exhibit 2." (*See* State Ct. R. at 1405.)

Any *Brady* claims based upon Court Exhibit 2 are either likewise exhausted or, alternatively, unpreserved for appeal. As noted above, the Appellate Division already considered petitioner's *Brady* argument on direct appeal and denied it on the merits, thus exhausting his

6

claim.  *See People v. Class*, 101 A.D.3d at 1042.  To the extent petitioner is asserting that he did not raise the prosecution's non-disclosure of the source of Court Exhibit 2 on direct appeal, such a claim is unpreserved.  Under New York State law, "[a] CPL 440.10 motion may not be used as a device to obtain a second appeal on an issue that appears on the face of the record."  *People v. Pedraza*, 56 A.D.3d 390, 391 (2008) (citing N.Y. Crim. Proc. Law § 440.10(2)(c); *People v. Cooks*, 67 N.Y.2d 100, 101 (1986)).  Here, Court Exhibit 2, and the objections of petitioner's trial counsel, were made part of the record prior to petitioner's appeal to the Appellate Division.  (*See* State Ct. R. at 1399–1402.)  Therefore, to the extent that petitioner did not raise the failure to identify the source of the statement contained in Court Exhibit 2 in his initial appeal, 440 does not provide a remedy.  Thus, even if the claim had not been exhausted through direct appeal by the adverse ruling of the Appellate Division and denial of leave by New York State Court of Appeals, a stay would still be unwarranted.

## CONCLUSION

For all of the reasons stated above, petitioner's motion to stay (Mot. Stay (Doc. No. 19).) is denied.  The Clerk of Court is directed to mail a copy of this Memorandum and Order to petitioner and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 27 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge